**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000746
21-AUG-2013
08:57 AM**

NO. CAAP-12-0000746

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
STEVEN TUIAANA,
Defendant-Appellant,
and
SHAYNA M. CABANLET-CUIZON and YOLANDA U. OLSEN,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1625)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Steven Tuiaana appeals a July 27, 2012 Judgment of Conviction and Probation entered in the Circuit Court of the First Circuit[1] (circuit court) convicting him of burglary in the first degree pursuant to Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1993) and robbery in the second degree pursuant to HRS § 708-841(1)(a) (Supp. 2012).

On appeal Tuiaana contends the circuit court erred in concluding the offenses of burglary and robbery did not merge pursuant to HRS § 701-109(e) (1993), which provides in part:

§701-109  **Method of prosecution when conduct establishes an element of more than one offense.**  (1)  When the same conduct of a defendant may establish an element of

---

[1]  The Honorable Richard W. Pollack presided at the bench trial.

more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:

. . . .

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

This court has stated:

HRS· § 701-109(1)(e) was intended to prohibit the State from dividing a crime, defined by statute as a continuing offense, into separate temporal or spatial units, and then charging a defendant with committing several counts of the same statutory offense, each count based on a separate temporal or spatial unit of the continuing offense.

State v. Caprio, 85 Hawai'i 92, 104, 937 P.2d 933, 945 (App. 1997).

"Whether a course of conduct gives rise to more than one crime within the meaning of HRS §701-109(1)(e) depends in part on the intent and objective of the defendant. The test to determine whether the defendant intended to commit more than one offense is whether the evidence discloses one general intent or discloses separate and distinct intents. Where there is one intention, one general impulse, and one plan, there is but one offense. . . . HRS § 701-109(1)(e), however, does not apply where a defendant's actions constitute separate offenses under the law."

State v. Frisbee, 114 Hawai'i 76, 81, 156 P.3d 1182, 1187 (2007) (Citations and brackets omitted) (quoting State v. Matias, 102 Hawai'i 300, 305, 75 P.3d 1191, 1196 (2003)).

A person is guilty of burglary if he enters the dwelling of another with the intent to commit an offense. HRS § 708-810. Robbery occurs when a person, in the course of committing a theft, either inflicts bodily injury upon another; threatens the use of force; or uses force in the commission of a theft. HRS § 708-841. Tuiaana committed burglary when he unlawfully and forcibly entered complaining witness's (CW) home with the intent to commit a theft within that dwelling. When CW was unable to open his own safe, Tuiaana repeatedly assaulted CW with an electric gun to force CW to open the safe. The circuit court did not err when it found Tuiaana had separate and distinct

intents, when committing each crime and therefore, the offenses of burglary and robbery did not merge.

Therefore,

IT IS HEREBY ORDERED that the July 27, 2012 Judgment of Conviction and Probation entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 21, 2013.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant.

Chief Judge

Loren J. Thomas
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3